[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on February 25, 1986 in Danbury, Connecticut. Her birth name CT Page 1213 was Kohler.
Both of the parties have resided in the State of Connecticut for at least one year prior to the commencement of these proceedings.
This is the second marriage for both of the parties. One child was born to the wife, issue of the marriage, to wit: Lisa Arline Murphy, born June 9, 1986.
The marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution is entered.
Little if any testimony was given by either party as to the cause of the breakdown of the marriage. Accordingly, the court cannot attribute fault to either party.
The only issue of any consequence presented to the court deals with the disposition of the marital home and payment of certain liabilities. Since there was little disagreement as to the facts, the court need not recite any of its findings. Suffice it to say that the court has considered all of the evidence and the mandates of Connecticut General Statutes, Secs. 46b-81, 46b-82 and 46b-84, and further orders as follows:
1. No periodic alimony is awarded to either party.
2. Joint legal custody of the minor child with the primary residence to the wife, and reasonable, liberal and flexible visitation to the husband to include every Monday and Friday evening from approximately 5:30 p. m. to approximately 8:30 p. m., and every other weekend from Friday night until Sunday evening. The father may also visit with the child on the child's birthday. He shall have visitation with the child on Father's Day, and the mother shall have the child on Mother's Day. The defendant shall have one (1) week with the child in the summer and shall notify the plaintiff by May 15 of his desired week. The defendant shall have the child each Thanksgiving and Christmas Eve. The plaintiff shall have the child on Christmas Day. The holidays of New Year's Day and Easter shall be rotated. If the wife should relocate outside of the State of Connecticut, she shall first give the husband sixty (60) days advance notice of such intention to relocate. CT Page 1214
3. The husband shall pay to the wife the sum of $115 per week as child support. Said sum shall be secured by a contingent wage execution. The court further finds that the child support ordered is in compliance with the Connecticut Child Support Guidelines.
4. Both of the parties have requested a waiver of the implementation of Public Act 93-319. The court waives participation by the parties since both have already undergone counseling and appear to have resolved the custody and visitation issues in a mature manner.
5. The wife shall provide medical and dental insurance through her employment for the minor child. If such insurance is no longer available to the wife through her employment, she shall purchase such insurance for the minor child and the parties shall equally pay the premium for the same. The parties shall equally divide all unreimbursed medical, dental, optical, psychological and psychiatric costs for the minor child. These orders are subject to the provisions of Connecticut General Statutes, Sec. 46b-84 (c).
6. The court, by judicial decree, awards to the husband, all of the wife's right, title and interest in the marital home located at One Hamilton Drive, Danbury, Connecticut. The husband shall be responsible for all real estate taxes, past, present and future, and all other expenses and charges relative to the ownership of said premises. This shall include, but not be limited to, any and all foreclosure expenses and outstanding mortgage payments. He shall hold the wife harmless and indemnify her from any and all claims and/or judgments rendered against her.
7. The husband shall be responsible for whatever obligation is owed to his sister and shall hold the wife harmless thereon. Within five (5) years he shall have caused to be delivered to the wife a release by the sister of any claims against the wife. Any proceeds received by the husband from the sale or foreclosure of the marital premises shall be applied toward the reduction of the loan from his sister.
8. The husband shall be permitted to claim the child as a tax exemption during the odd numbered tax years, and the wife shall have the even numbered tax years. CT Page 1215
9. Each of the parties shall be responsible for his or her own liabilities except as otherwise provided in this judgment. The husband, however, shall pay to the wife, within sixty (60) days, the sum of $2,000 to assist her in the payment of her extensive liabilities. The court considers the payment in the nature of a lump sum property distribution.
10. Each of the parties shall be responsible for his or her own legal fees and costs.
11. Except as otherwise provided herein, each of the parties shall retain sole ownership of those assets presently owned by him or her.
Mihalakos, J.